Sullivan, J.
The complainant filed his bill for the specific-performance of a contract, by which the defendants covenanted to indemnify-him from the payment of certain debts specified and referred to in the contract. The bill states that Chamberlain, the complainant, and Blackford Blue, one of the defendants, had been partners in trade by the name and style of Chamberlain and Blue; that at the time of the dissolution of the partnership, they were indebted to certain persons trad *528 ing together by the name and style of Ames and Holliday the sum of $426.76, which the defendants covenanted should be paid by the said Blackford Blue, and that they would pay to Ghamberlain any damages he might sustain in any way, if Blue should fail to make the payment; that Blue as well as the other defendants had failed to pay said debt; and that a judgment at law had been obtained by the assignee of Ames and Holliday against the complainant, but that said judgment had not been satisfied. Two of the'defendants, Blackford Blue and John Gilmore, made no defense ; the other defendant, John L. Blue, answered, admitting the facts stated in the bill, but insisted that the complainant was entitled to no relief in a Court of equity. . .He also pleaded his infancy. The cause was set down for hearing on bill and answer, and at the final hearing the bill was dismissed for want of equity.
*The only question to be considered is, whether a Court of chancery can afford the complainant the relief he prays upon the contract set out in his bill, which is one sounding in damages merely.
As a general rule, a Court of chancery will not interfere in such cases. There are cases, however, where on contracts sounding in damages only, a Court of chancery will exercise its jurisdiction. As, for example, where there was a contract for the sale of a large quantity of iron to be paid for in a certain number of years by installments, a specific performance was decreed. 3 Atk., 384 ; Adderly v. Dixon, 1 Sim. & Stu., 607. And in Buxton v. Lister, 3 Atk., 383, which was a bill for the specific performance of a contract for the delivery of certain timber at specified periods, Lord Hardwiche, held that a Court of equity could grant relief in such a case,'though in that case the bill was dismissed on account of fraud in the vendor. The exercise of this jurisdiction, however, is limited to cases where a compensation in damages would not afford a full, complete, and satisfactory remedy. Courts of equity will also,in many cases, decree the specific execution of personal contracts, where injury is apprehended but not yet sustained. The case of a surety who, to relieve his mind from the apprehen *529 sion of future damage, files a bill to compel the principal debtor on a bond with whom he has joined to pay the debt when due, whether the surety has been actually sued or not, affords an instance in which the jurisdiction will be exercised. 2 Story's Eq., 35, and note.
Analogous to the instance last put in illustration of the above principle, is the case of a general covenant to indemnify, which, although it sounds in damages only, a Court of equity will decree the specific performance of. The jurisdiction is exercised upon the principle on which the Court entertains bills quia timet. The leading case in support of the exercise of the jurisdiction in cases of covenants to save harmless, is Ranelaugh v. Hayes, 1 Vern. Rep., 189. The facts of that case were substantially as follows: Ranelaugh assigned several shares of the excise to Hayes, who covenanted to save Ranelaugh harmless in respect to that assignment, and to stand in his place touching the payment to the King. Upon R. being sued by the King, the former filed a bill against *i?. for a specific performance of his agreement, which was decreed accordingly; and it was compared to the case of a counter-bond, where, although the surety is not troubled or molested for the debt, yet at any time after the money becomes payable on the original bond, a Court of equity will decree the principal to pay the debt. That case, in its principal features, strongly resembles the one under consideration. Undoubtedly, Ranelaugh might have maintained an action at law on the covenant, and recovered damages to some extent; but, under the circumstances, it may be that no damages would have compensated him for the injury he would sustain by the failure of Hayes to perform his contract specifically.
In Champion et al. v. Brown et al., 6 Johns. Ch. Rep., 398, the chancellor of New York acknowledged the authority' of the case of Ranelaugh v. Hayes, and decided that equity might decree the specific performance of a general covenant of indemnity though it sounds only in damages.
The case last cited deserves to be more particularly noticed. *530 Henry Champion and William L. Storrs, and the administrators and heirs of one Paddock, deceased, filed a bill against the defendants for the specific performance of a contract, by which Henry Champion and Lemuel Storrs agreed to sell and convey to Paddock a tract of land for the sum of $8,000; $500 to be paid in cash, and the residue in six equal annual installments, &c. Paddock died intestate, and his administrators and heirs being unable to perform the contract for want of personal assets, entered into an agreement with the defendants, by which the latter covenanted and agreed “ that they would take up and cancel ” the contract made between Champion and Storrs and Paddock, or in case Champion, the survivor of Storrs, should refuse to give up and cancel the contract, they would indemnify and save harmless the administrators of Paddock from all damage, &c. The contract sought to be enforced was simply the covenant to indemnify. The defendants demurred to the bill, but the Court overruled the demurrer, remarking that the administrators were, upon the facts stated in the bill, entitled to a specific performance of the covenants on the part of the *defendants, and to an assessment of damages for the breach thereof.
We can not distinguish the cases of Ranelaugh v. Hayes, and Champion et al. v. Brown et al., from the case under consideration. The complaint here, as in the cases cited, wants the thing in specie for which he contracted; he wants the cloud which overhangs him removed, and it is in the power of a Court of equity to do it.
It matters not that the contract in this case is in the form of a bond with a condition. The form of the instrument by which the contrae^ appears, is wholly unimportant. A Court of equity only seeks to be satisfied that the transaction in substance .amounts to, and is intended to be, a binding agreement for a specific object. If the contract appears only in the condition of a bond secured by a penalty, the Court will act upon it as an agreement, and will not suffer the party to escape from a specific performance, even' if he should offer to pay the penalty. 2 Story’s Eq., 22, 53.
J. L. Jernegan, J. W. Chapman, and A. L. Osborne, for the plaintiff. ■
J. B. Niles, for the defendants.
Per Ouriam.—The decree is reversed with costs. Cause remanded, &c.