# WHITNEY v. STONE.

WHEN an agreement in writing is entered into under the three hundred and eightieth section of the Practice Act, to submit questions of difference relative to the partition of lands to the award of arbitrators, and the arbitrators meet and make their award, a Court of Equity will decree a specific performance of the award.

The fact that such agreement contains a clause by which each party binds himself to the other in a sum certain, as a penalty, in case he refuse to abide by and perform the award, does not deprive a Court of Equity of its power to decree a specific performance, even though the party refusing to perform should offer to pay the penalty agreed upon.

APPEAL from the District Court, Ninth Judicial District, Siskiyou County.

The facts are stated in the opinion of the Court.

*E. Steele*, for Appellants.

*J. Berry*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action for the specific performance of an award made by arbitrators, under and in pursuance of an agreement made by the parties. The defendant demurred to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action. The Court sustained the demurrer, holding that the remedy of the plaintiff was not by a suit for a specific performance, but an action to recover the penalty of five hundred dollars stipulated in the agreement, submitting the matters in controversy to the arbitrators, and agreeing to abide by and perform the award. A final judgment was rendered against the plaintiff, from which he appeals.

The complaint avers that the defendant, on the thirty-first day of October, 1860, conveyed to the plaintiff the undivided one-half of certain tracts of land in Siskiyou County, and that they then entered into a partnership and farmed the land as copartners until the twenty-second of March, 1862, when differences and misunder-

standings having arisen between them relative to the farm and the business, they entered into an agreement to submit the same to arbitrators.   This agreement is set out in the complaint, and recites that a controversy existed between the parties relative to the control and management of their partnership farm, and they therein agreed " to submit the controversy to be settled by a division of the said farm, together with all the improvements and appurtenances thereunto belonging," to certain persons therein named as arbitrators ; and they further agreed therein to abide by, keep, and perform the award made by such arbitrators ; and they also bound themselves each to the other in the sum of five hundred dollars, " to be due and subject to immediate collection by either one at the time and after the other shall have refused to abide by, keep, and perform toward the other according to the award of said arbitrators."   The complaint further avers that the arbitrators duly met and made their award, by which they divided the ranch between the parties, specifying the lines of division, providing for the removal of fences to the partition lines by the parties, each to bear half the expense of such removal ; and it was further awarded that the plaintiff should give to the defendant his two promissory notes for one hundred and fifty dollars each ; that the parties should cancel all bonds and obligations in reference to the purchase money of the ranch ; that the defendant should give to the plaintiff a new bond for the south half of the ranch, which they had awarded to the latter, for a warranty deed to be given, as soon as the defendant should have perfected his title ; that the plaintiff should give a new obligation for the payment of the purchase money of the land ; and other awards about the use of the water on the ranch ; and a division of the personal property between the parties, which division was then made, and the property as divided delivered to the parties.   The complaint avers that the plaintiff has performed in part, and is ready and willing to perform all the award required of him ; that he duly executed and delivered the two promissory notes as required by the award, but the defendant has refused to execute any bond, covenant, or assurance as required by the award, though requested so to do ; that all of the award has been complied with by both parties, except as to the conveyance of the real estate and the

removal of the fences; that the defendant is in the possession of the premises and refuses to let the plaintiff enjoy the exclusive possession of the premises partitioned to him by the award; and that he has tendered to the defendant the proper releases and bonds, duly executed, and also tendered a proper deed for the defendant to execute, which he refused to do.

Under Sec. 380 of the Practice Act, the parties had a right to submit the question relating to the partition of the land to the award of the arbitrators. The Court erred in holding that the plaintiff could not maintain a suit for a specific performance of the award, and that he was confined to an action to recover the penalty stipulated in the articles of submission. Courts of Equity have, in numerous cases, decreed the specific performance of awards, though not made rules or orders of Court for the performance of some specific thing, such as the conveyance of an estate, an assignment of securities, and the like. (Fry on Specific Performance, Sec. 974.) It makes no difference that the agreement contains a stipulation to pay a certain sum as a penalty in case of a non-compliance with or refusal to perform the award. A Court of Equity looks to the substance of the agreement, and not to its form, and will afford the party a remedy by decreeing a specific performance, where such relief is proper; and it will not suffer the party to escape from a specific performance, even if he should offer to pay the penalty agreed upon. (*Chamberlain* v. *Blue*, 6 Blackf. 491; 2 Story's Eq. Secs. 715, 751.) It follows that the Court erred in sustaining the demurrer.

The judgment is therefore reversed, and the defendant is ordered to answer the complaint within ten days after service of notice of the filing of the *remittitur* in the Court below.