No. 8164.

## MATHER v. SIMONTON.

SPECIFIC PERFORMANCE.—*Contract to Open Street.*—A suit to compel specific performance of a written agreement to open a public street in an addition to a town is not the proper proceeding to remove an obstruction in such street.

SAME.—*Complaint.*—*Special Injury.*—*Separate Right of Action.*—The facts and circumstances showing the nature and extent of a special injury, which gives a separate right of action under a contract, ought to be stated in the complaint.

SAME.—*Jurisdiction.*—The jurisdiction of a court to compel specific performance of contracts exists only when injury is shown, and when it appears also that a remedy at law by compensation in damages would not be adequate.

From the Elkhart Circuit Court.

*J. M. Vanfleet* and *E. C. Bickel*, for appellant.
*J. D. Osborne* and *E. G. Herr*, for appellee.

BICKNELL, C.—This was a suit to compel specific performance of a contract. The complaint alleges that the appellant and appellee and five others severally owned lands in the corporate limits of the town of Elkhart, and, in 1866, each, for himself and his assigns, agreed, in writing, with

the others and their assigns, to lay out and annex to the town of Elkhart an addition embracing said lands, in accordance with a plat annexed to said writing, and that certain named streets of said town should be extended over said lands and opened immediately; that certain other named streets should be opened, not using the word "immediately," and that some of the streets to be opened immediately should be further extended within two years, and again extended and opened still further as soon as the owners of the territory and the demand for sale and improvements should require, and that as soon as this last extension should be made, then certain other named streets should be opened, and that, in the laying out of streets and alleys, reference should be had to the plat aforesaid. The complaint further avers that all the parties opened the streets over their lands in accordance with the agreement except the appellee, who owns the land over which Fifth street would pass, from an alley between Marion and Harrison streets to Harrison street; that said Fifth street was unenclosed a year after the date of the agreement, but, in 1876, ten years after that date, the appellee, in violation of said agreement, put a fence across the south end of Fifth street, along the north line of Harrison street, thereby closing up Fifth street, "to the great damage of the appellant, and although often requested has refused, and still refuses, to open said street." The complaint prays that the appellee may be compelled to open said street, and may be forever enjoined from closing the same, and that the appellant may recover $100 damages, and may have all other proper relief.

A demurrer to the complaint, for want of sufficient facts, was sustained, and final judgment was rendered against the appellant. The error assigned is that the court erred in sustaining the demurrer.

Although Fifth street is marked on the plat, yet the contract, which expressly names the streets to be opened, and

·declares when and how far they shall be opened, makes no such provisions as to Fifth street.    Fifth street is not mentioned in the writing.

It will be observed, also, that there is no statement in the ·complaint of any special damage sustained by the appellant; it is not shown in what way he is injured.  If Fifth street is a public street, a proceeding of this kind is not the proper way to remove an obstruction in it.   If Fifth street is not a public street, but was included in the contract, and if the appellant has received some special injury by its enclosure, which gives him a separate right of action under the contract, then the facts and circumstances showing the nature and extent of the injury ought to be stated in the complaint. The jurisdiction of the court to compel specific performance of contracts exists only when injury is shown, and when it appears also that a remedy at law by compensation in damages would not be adequate.  *Adderley* v. *Dixon*, 1 Sim. & . S. 607 ; *Chamberlain* v. *Blue*, 6 Blackf. 491.  The court below committed no error in sustaining the demurrer to the complaint, and its judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things affirmed, at the costs of the .appellant.