Filed April 15, 1892.

---

## No. 519.

## BROWN ET AL. *v.* SHELBY.

ACTION.—*Agreement to Accept New Note in Place of Old Note no Bar to Action on the Old Note.—Remedy for Failure to Abide by.*—An agreement that a new note be given for a note then due, payable at a future date, is no defence to an action on the note due, unless the new note is executed and accepted and the old note cancelled. If suit is brought on the old note, the plaintiff is liable in damages for a breach of his agreement.

SAME.—*Agreement to Forbear to Sue not a Bar to an Action on the Original Contract.*—A covenant to forbear to sue on a note for a definite time, for a valuable consideration, is valid, but can not be plead in bar to an action on the note before the time of forbearance has elapsed. The only remedy is an action upon the covenant for damages.

From the Madison Circuit Court.

*C. L. Henry* and *E. E. Hendee*, for appellants.

*H. C. Ryan*, for appellee.

CRUMPACKER, J.—Shelby sued Brown and Brown upon a promissory note for $135, executed by them to him on the 25th day of March, 1889, payable on the 25th day of December, 1889, with interest at six per cent. and attorney's fees.

The defendants answered, admitting the execution of the note, but alleged that it was executed by the defendant William W. Brown as principal and Calvin F. Brown as surety, and that it was given for the purchase of a mare from the plaintiff by one James Brown ; that, as part of the consideration of the note, plaintiff expressly warranted the mare to be well and sound in every particular, when in truth and in fact she was not well and sound, but was afflicted with the disease known as the " heaves," by reason of which she was worth fifty dollars less than she would have been had she been free from such disease ; that, on the 31st day of December, 1889, the note sued upon was fully settled and satisfied in the following manner : " On said day said George W. Shelby called upon said William W. Brown for the payment of said note, and upon being informed that there was a breach of his warranty in the sale of said mare as hereinbefore stated, he thereupon agreed with said William W. Brown and said James Brown, that in consideration of said James Brown releasing all claim for damages, by reason of the alleged breach of warranty of said mare, as aforesaid, said note should be fully satisfied, and the said Shelby would cancel said note, and deliver the same to these defendants, and these defendants should execute to said Shelby a note for $143.10, and dated December 25th, 1889, due one year thereafter, and bearing six·per cent. interest, and said James Brown thereupon agreed to said contract and settlement. Thereupon, in the evening of the same day, these defendants executed to said Shelby such note, as agreed upon as hereinbefore stated, but said Shelby declined and refused to accept such new note, refused to cancel and deliver up the note sued on herein, and has instituted suit upon said note in this cause,

and these defendants now bring into court the note which they have executed, in accordance with the contract of settlement, as herein stated, and for the use of the plaintiff herein. Wherefore they say that he ought not to recover in this suit, and they demand judgment for costs, and that the note in suit be delivered up to them for cancellation, and for all other necessary and proper relief."

Said James Brown did not sign the note, and he is not a party to the suit.

A demurrer, for want of facts, was sustained to the answer, and the defendants declined to plead further, but elected to abide by their exceptions, whereupon judgment was rendered in favor of the plaintiff for the amount of the note.

The defendants appeal, and assign for error the ruling of the court upon the demurrer.

The answer discloses that in consideration of the release of the alleged claim for damages resulting from the breach of warranty, appellee agreed to cancel and surrender the original note and accept a note in lieu thereof, due one year from date, for more than the amount of the original note. This note amounted to $141.08 at its maturity on the 25th day of December, 1889, and the new note was to be given for $143.10. Such agreement was executory, and contemplated the execution of the new note and the surrender of the one sued upon in its consummation, but before this was done appellee declined to carry it out. There was no agreement which had the effect of extinguishing the note in suit, but this would have been the effect of the one pleaded had it been carried out.

Appellee violated the terms of the agreement by refusing to perform it. But the answer is not predicated upon the *breach* of the agreement, but upon the *agreement* as it would have been if executed, and it seeks to enforce specifically its performance. It is only where there is no adequate remedy at law that the specific enforcement of a contract may be had. *Mather* v. *Simonton*, 73 Ind. 595.

In the case before us appellants could have asserted any defence they may have had against the note growing out of the breach of warranty, but in so doing they would have treated the agreement to settle as having been rescinded. If any damages resulted to them from the breach of such agreement they were susceptible of proof, and complete redress could have been administered in an action at law. A covenant to forbear to sue upon a note for a definite time, for a valuable consideration, is valid, but can not be pleaded in bar to an action on the note before the time of forbearance has elapsed. The only remedy is an action upon the covenant for damages. *Mills* v. *Todd,* 83 Ind. 25; *Irons* v. *Woodfill,* 32 Ind. 40.

While the agreement pleaded in the answer under consideration was not technically one of forbearance, it was so in effect. There was to have been no diminution of the amount of the debt, but the entire amount, with a small sum added, was to be put in a new note due in a year with six per cent. interest.

There is is no doubt, upon familiar principles of law, that a failure to consummate such agreement would not constitute a bar to an action on the note.

The judgment is affirmed.

