[No. 6191. Decided May 22, 1906.]

JAMES F. CONNER, *Appellant,* v. JAMES M. CLAPP *et al.,*
*Respondents.*[1]

VENDOR AND PURCHASER—SPECIFIC PERFORMANCE—OPTIONAL AGREE-
MENT. Specific performance of a bond for a deed, or optional agree-
ment to sell land, may be decreed where adequate consideration for
the bond is shown by part payments, possession and the making of
permanent improvements.

SAME—MUTUALITY. Specific performance of a bond for a deed
will not be denied the purchaser for lack of mutuality because he did
not sign the bond, which was optional in form and did not compel
him to take the property.

VENDOR AND PURCHASER—SURRENDER OF BOND FOR DEED—EVIDENCE
—SUFFICIENCY. A bond for a deed of property purchased is not
shown to have been cancelled and surrendered, where it appears that
the statement of such a surrender was made to the attorney of a
mortgagee solely in order to secure the loan, and the vendor im-
mediately afterwards offered to return the bond to the purchaser,
who had made part payments and valuable improvements, and re-
mained in possession, and the vendor treated the same as in force,
making the demand for overdue payments and taking no steps to
perfect the bond.

SAME—SPECIFIC PERFORMANCE—INCREASE IN VALUE OF LAND. An
increase in the value of lands sold under a bond for a deed or
optional sale is not a valid reason for denying a specific performance
on the part of the vendor.

SAME—TENDER—AMOUNT DUE—EVIDENCE—SUFFICIENCY. The ten-
der of $5,500 as the amount due on a bond for a deed calling for
$6,500 is sufficient where it appears that in fact $5,500 was the
amount to be paid as the consideration for the property.

SAME—FORM OF DEED IN DECREEING SPECIFIC PERFORMANCE. Upon
decreeing specific performance of a bond for a deed of lands subject
to a mortgage, *held* that the purchaser was entitled only to a deed
of special warranty against the acts of the vendors.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered December 18, 1905, after a
trial on the merits before the court without a jury, dismiss-
ing an action for specific performance. Reversed.

1Reported in 85 Pac. 342.

*Agnew & Israel, S. M. Heath,* and *C. W. Hodgdon,* for appellant.

*J. B. Bridges* and *Ben Sheeks,* for respondents.

RUDKIN, J.—This case was before this court on a former appeal. *Conner v. Clapp,* 37 Wash. 299, 79 Pac. 929. In addition to the statement of the case contained in the opinion then filed, we deem it sufficient to say that the plaintiff, by his amended complaint, seeks the specific performance of the bond for a deed there referred to. It is admitted by the pleadings, established by the proofs, and was found by the court on the former trial, that the bond for a deed was executed and delivered; that the plaintiff is in possession of the property; that he paid $2,000 of the purchase price on and prior to the delivery of the bond; and that he has made permanent and lasting improvements on the land of the value of $3,500, in addition to the payment of considerable sums as taxes, assessments, and for insurance. After the case was remanded, the pleadings were amended and the case was submitted to the court on the testimony taken at the former trial. The court stated that it could consistently reach no other conclusion than that announced on the former trial, and dismissed the action. From the judgment of dismissal, this appeal is prosecuted.

We will now briefly consider the various objections urged by the respondents against the specific performance of the contract. It is first contended that the bond was a mere option, and that specific performance will not be decreed. Conceding, for the purpose of this case, that the bond was a mere option, the conclusion contended for by the respondents does not necessarily follow.

"The giver of the option has often sought, and sometimes successfully, to resist performance by urging that, as the party holding the option was not compellable to exercise it affirmatively, it would be inequitable to require performance by the other. In a majority of the more recent cases the courts have recognized the plea only to overrule and disallow

it. It is now clearly recognized law that specific performance will not be refused on such grounds. 'An optional agreement to convey or renew a lease, without any covenant or obligation to purchase or accept, and without any mutuality of remedy, will be enforced in equity if it is made upon proper consideration, or forms part of the lease or other contract between the parties that may be the true consideration for it.' " 21 Am. & Eng. Ency. Law (2d ed.), 928.

From what has been said, it sufficiently appears that the bond in suit was supported by an adequate consideration, and this brings the case within the rule just stated. *Lawrence v. Pederson,* 34 Wash. 1, 74 Pac. 1011, cited by the respondents, is not in point. In that case it was held that a mining broker did not comply with his contract to procure a purchaser by simply procuring a person who took an option on the property. The right of the holder of the option to enforce specific performance was not there involved or considered. This objection rests substantially on the same basis as the next, viz., that specific performance will not be decreed because the appellant did not sign the bond and was not bound thereby, and because specific performance could not be decreed against him. This question was fully considered by this court in the recent case of *Western Timber Co. v. Kalama River Lumber Co., ante* p. 620, 85 Pac. 338, and was decided adversely to the respondents.

The next contention is that the bond was surrendered and cancelled by the voluntary act of the parties. At the time of the conveyance of the property to respondents, it was subject to a mortgage in the sum of $3,500, which was afterwards reduced to $2,500. In the latter part of December, 1901, and the early part of January, 1902, the respondents were negotiating for a loan on the property in the sum of $2,500 to take up this mortgage. The mortgagee insisted that the new mortgage should have priority over the bond for a deed, and that the appellant should join in the mortgage or surrender his bond. With the view of effecting this object, the appellant and the respondent J. M. Clapp went together

to the office of the attorney for the mortgagee, the appellant turned the bond over to the respondent Clapp, and stated that the bond had been surrendered and that they had made other arrangements. It is not seriously contended that any other arrangements were in fact made at that time, at least the respondents do not indicate what they were. The appellant contends that this was done solely for the purpose of satisfying the attorney for the mortgagee, and we think this contention must prevail, as any other view of the case is utterly inconsistent with the subsequent conduct of the parties. Thus, after this alleged surrender, the appellant wrote the respondent in regard to other improvements he was about to make on the premises, to which no objcetion was apparently made. On July 1, 1902, six months after the alleged surrender, the respondent J. M. Clapp wrote the appellant that the interest was forty-five days overdue, and that if a settlement in full was not made by August 1, other arrangements would have to be made. These facts are wholly inconsistent with the claim that the bond had been surrendered several months before. Indeed, the respondent J. M. Clapp testified that after he and the appellant left the office of the attorney for the mortgagee, he offered to return the bond to the appellant, but the appellant refused to accept the same, stating that he had no further use for it.

Aside from the alleged surrender, it is not claimed that the respondents took any steps to forfeit the bond by suit, tender of a deed, or otherwise. *Stein v. Waddell,* 37 Wash. 634, 80 Pac. 184. As stated by the respondents in their brief: "The record in this case shows some loose and unbusinesslike transactions between the parties," and in view of such conduct and the payment of a considerable portion of the purchase price, and the making of large expenditures upon the property, we think that equity and good conscience demand that specific performance should be decreed. We were of this opinion on the former appeal, but inasmuch as the respondents might desire to offer further testimony on the issue of

specific performance which they did not deem material on the issue then before the court, we refrained from directing a final judgment or expressing any opinion on the merits.

The respondents complain that the property has increased in value, and that the appellant is only seeking to take advantage of such increase. Undoubtedly this circumstance is a source of much litigation; but we might well ask, are not the respondents prompted by the same motive in their defense? Had the value of this property decreased below the amount due on the bond for a deed, would the respondents be now resisting specific performance?

Finally it is contended that the tender was insufficient. It is claimed that the bond called for $6,500 and interest, whereas the appellant tendered only $5,500 and interest. It is clearly shown by the proof that the amount to be paid was in fact $5,500. The respondents contend that this proof was incompetent, and that it went in over their objection. However this may be, the objection could not reach the testimony of the respondents themselves, which clearly and unequivocally shows that the consideration was in fact $5,500. On consideration of the entire record, we are satisfied that the appellant was entitled to the relief demanded.

At the time of the former trial, there was a mortgage on the property, but this mortgage has since matured and, if not already paid, the court below can make provision for its payment. As to the form of the deed, the appellant is only entitled to a deed of special warranty against the acts of the respondents and those claiming under them.

The judgment is reversed and the case remanded, with directions to the court below to ascertain the amount due the respondents under their bond, to which sum will be added any amounts the respondents may have paid by way of taxes, assessments, or for insurance on the property in controversy. Upon the payment of such sums, the court will enter a decree of specific performance. If the court finds that the appellant has made a good and sufficient tender of the amount due, and

that such tender has been kept good, no interest will be allowed after the date of the tender.    Otherwise interest will be allowed to the date of the judgment.

MOUNT, C. J., FULLERTON, HADLEY, DUNBAR, ROOT, and CROW, JJ., concur.