[No. 6345.   Decided January 11, 1907.]

## A. B. NEWELL et al., Respondents, v. GEORGE B. LAMPING, Appellant.[1]

VENDOR AND PURCHASER—OPTION—TENDER OF TITLE—SPECIFIC PER-
FORMANCE. A receipt for purchase money, containing a memorandum
of the sale of real property "conditioned on furnishing a good and
sufficient title within thirty days," is not a mere option expiring at
the end of thirty days, but a contract of sale which may be spe-
cifically enforced within a reasonable time thereafter, in the absence
of a demand and tender of title by the vendor within the thirty days.

SAME—PERFORMANCE—DELAY OF VENDEE—TENDER OF TITLE. A de-
lay of twenty-five days in tendering a balance due upon a purchase
of real estate which was to have been completed "thirty days from
date," is not, as a matter of law, unreasonable so as to work a for-
feiture of the contract, where an abstract of title promptly ordered
was not delivered in time therefor, and the vendor made no demand
or tender of title prior to demand for a deed by the vendee.

SAME—PLEADING—ALLEGATION OF TITLE. In an action by a vendee
for the specific performance of a contract to convey real estate "con-
ditional on furnishing a good title," a complaint sufficiently alleges
title in the vendor, as against a general demurrer, where it shows a
tax title which the vendee is willing to accept.

CONTRACTS—EVIDENCE. Evidence of an oral understanding entered
into between the parties at the time of making a written contract to
convey real estate is inadmissible to contradict the terms of the
writing.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered May 14, 1906, upon findings in
favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action to enforce the specific
performance of a contract to convey real property.   Af-
firmed.

Walter S. Fulton, for appellant.

Fred H. Peterson and H. C. Force, for respondents.

[1]Reported in 88 Pac. 195.

PER CURIAM. — On November 25, 1905, the appellant agreed to sell to the respondent A. B. Newell certain real property, situated in the city of Seattle, receiving from him at the time the sum of $50 as part of the purchase price, and giving him the following agreement:

"Nov. 25, 1905.

"Received of A. B. Newell ($50) fifty dollars as earnest money to be applied on purchase of lot 1, block 1, and lots 1 to 10 inclusive, block 10, Elmore Addition, purchase price to be $150.00 per lot and conditioned on furnishing a good and sufficient title within 30 days from date.

"(Signed)   Geo. B. Lamping."

At the time of the execution of this agreement the appellant had a warranty deed to lots 6 and 7 of block 10, and a tax title to the remainder of the property. The appellant, shortly after the agreement was entered into, ordered from an abstract company an abstract of title to the property, but owing to the crowded condition of the business of the company the abstract was not completed or delivered to the respondent until January 15, 1906. The respondent had the abstract examined and on January 22d, tendered the appellant the balance of the purchase price and demanded a deed to the property. The appellant refused to execute and deliver such deed, whereupon this action was instituted to enforce a specific performance of the contract. The court below decreed a specific performance, and this appeal is taken therefrom.

It is first assigned as error that the complaint of the respondent does not state facts sufficient to constitute a cause of action. It is argued that the respondent acquired by the written agreement only an option to purchase the property, which was to be exercised within thirty days after its date, and that, inasmuch as the complaint failed to allege a tender of the balance of the purchase price within the thirty days, it failed to state facts sufficient to constitute a

cause of action, and the demurrer thereto should have been sustained. But this view of the effect of the writing is untenable. It was in effect an agreement to convey the property, not a mere option to purchase, and obligated the appellant, if he desired to cut off the respondent's rights at the end of the thirty days, to tender a good and sufficient title and demand the payment of the balance of the agreed purchase price within that time. The limitation of thirty days was for the appellant's benefit. The respondent was obliged to accept or refuse the title at any time within that limitation that the appellant chose to tender it, but he could not act himself, or put the appellant in default in any way until after the expiration of that time. How long a time he had to act after the expiration of the thirty days would depend on the circumstances of the case. He would have in any event a reasonable time, and since he acted within twenty-five days after his right accrued, the court cannot hold, as a matter of law, that it was so far an unreasonable delay as to amount to a waiver of his rights under the contract.

It is next contended in this connection that the complaint is fatally defective because it does not allege that the appellant had acquired a good and sufficient title at the time the demand was made for a deed. But it is alleged that the respondent is willing to accept the title the appellant had, and sought to have that title conveyed to him. This is a sufficient allegation of title to withstand a general demurrer.

What we said in answer to the argument upon the demurrer, answers in the main the argument upon the merits. The appellant testified that he tendered a deed and demanded the payment of the purchase price before the tender and demand was made on the part of the respondent, which tender the respondent refused to accept, and he contends now that he was misled to his injury by such refusal and ought not to be compelled to specifically perform. But in this statement he is contradicted not only by the respondent, but by his own acts shown in the record, and we think the trial

court rightfully found against him on the evidence on this point.

It is contended also that the appellant was erroneously denied the right to introduce certain evidence of an oral understanding entered into between the parties at the time the writing was executed. But this, in so far as it was material, tended to contradict the writing, and was for that reason properly excluded.

There was no substantial error in the record, and the judgment must be affirmed. It is so ordered.