[No. 16794.  Department Two.  February 23, 1922.]

ASIA INVESTMENT COMPANY, *Appellant,* v. LOUIS LEVIN, *Respondent.*[1]

VENDOR AND PURCHASER (1) — CONTRACT — SALE DISTINGUISHED FROM OPTION. Where a contract for the sale of real property recites the receipt of a stated sum "on account of the full purchase price" named in the instrument, and is followed by provisions to the effect that a warranty deed is to be delivered on receipt of the balance of the purchase price in cash, that taxes for the assessment year are to be prorated, and that failure to complete purchase within the time limited, except for defect of title, shall operate as a forfeiture of the sum deposited, such contract constitutes a contract of purchase and sale, and not an option to purchase.

DAMAGES (32) — LIQUIDATED DAMAGES OR PENALTY — CONSTRUCTION OF CONTRACT. A provision in a contract for the sale of land for forfeiture of the sum deposited by the purchaser on failure to complete the purchase within the time stated which deposit shall be in settlement of, and fixed as, liquidated damages, is one providing for liquidated damages instead of penalty.

SPECIFIC PERFORMANCE (24) — DAMAGES (37) — LIQUIDATED DAMAGES — EFFECT OF STIPULATION FOR — BREACH OF CONTRACT FOR SALE OF LAND. A provision in a contract for the sale and purchase of land fixing liquidated damages does not destroy the vendor's right of election between an action for damages and one for specific performance, unless the course of conduct of the vendor indicates that he has accepted the provision for liquidated damages as being the full measure of his rights.

DAMAGES (32, 37) — LIQUIDATED DAMAGES — EFFECT OF STIPULATION — CONSTRUCTION OF CONTRACT. The provision in a contract of sale and purchase of land that the failure of the purchaser to complete the purchase shall operate as a forfeiture of the sum deposited, "the same being in settlement of and hereby fixed as liquidated damages" should be interpreted as meaning that the sum paid down should be taken "in settlement . . . of liquidated damages," the amount of which "being hereby fixed as liquidated damages"; such interpretation preserving the rights of both parties under the contract, thus entitling vendor to specific performance.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered October 16, 1920,

[1]Reported in 204 Pac. 808.

upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*Walter M. Harvey,* for appellant.

*Harold L. Levin, A. O. Burmeister,* and *J. H. Gordon,* for respondent.

MACKINTOSH, J.—The appellant and respondent entered into the following contract:

"Los Angeles, Cal., Feb. 17, 1920.

"Received of Asia Investment Company, a Washington corporation, the sum of Five Hundred Dollars lawful money of the United States on account of the full purchase price of $10,000 of the real property hereinafter described and hereby sold to said Asia Investment Company by the undersigned. The purchaser shall have thirty (30) days within which to search the title, and the seller shall have fifteen (15) days within which to perfect the same and correct any defects reported in writing by the purchaser to the seller. Grant, bargain and sale Warranty Deed to be delivered on receipt of balance of purchase price in cash. Taxes to be pro-rated for year 1919-20. Failure of purchaser to complete purchase within time stated, except for defect of title, shall operate as a forfeiture of sum hereby deposited, the same being in settlement of and being hereby fixed as liquidated damages.

"The real property herein referred to is described as follows: All that certain lots and parcels of land situated in the City of Tacoma, State of Washington, and described as follows: Lots 1 and 2 in Block 408, being the Southwest corner of 4th and St. Helens Avenue, free and clear of all incumbrances."

The appellant paid the $500 called for in the contract and afterwards began this suit to recover the same, alleging that it had tendered the balance due on the contract and demanded the deed, which respondent had refused to deliver. The respondent, in his answer, denied the refusal to deliver the deed, and the court

upon the trial found that the respondent had tendered to the appellant a proper warranty deed and had demanded compliance with the terms of the contract, which the appellant had refused. As a cross-complaint, the respondent alleged the tender of the deed and demanded judgment for the balance of $9,500, and for specific performance of the contract. The trial court found for the respondent on his cross-complaint, and entered judgment in the sum of $9,500, with interest, and directed that the deed be delivered to the appellant upon the satisfaction of the judgment. The appellant has appealed from that judgment against it.

There is no question before us upon the appellant's cause of action stated in its complaint. It is conceded that it is not entitled to the return of the $500, the only question being as to whether the judgment based upon the respondent's cross-complaint can be sustained.

The first point to be determined is as to the effect of this contract, it being the claim of the appellant that it is not a contract of purchase and sale, but merely an option of purchase, for the reason that there is no provision in the contract making it obligatory upon the appellant to purchase the property. Jurisdictions have differed from one another and in themselves in the interpretation of contracts such as that here before us, and it is difficult to harmonize all the decisions, as they are naturally based upon the interpretation which courts have given to differing facts. This court has had before it several contracts more or less resembling the one in this case, and in *Jones & Co. v. Eilenfeldt,* 28 Wash. 687, 69 Pac. 368; *Lawrence v. Pederson,* 34 Wash. 1, 74 Pac. 1011; and *Neeson v. Smith,* 47 Wash. 386, 92 Pac. 131, has held that the contracts were contracts of option, and not such as compelled the vendee to complete the purchase. In the cases of *Anderson v. Wallace Lumber etc. Co.,* 30 Wash. 147, 70 Pac. 247;

*Conner v. Clapp,* 42 Wash. 642, 85 Pac. 342; *Newell v. Lamping,* 45 Wash. 304, 88 Pac. 195; and *Wright v. Suydam,* 72 Wash. 587, 131 Pac. 239, it had for consideration contracts which it has held were contracts not of option, but under which the vendee could be compelled to take title and pay the purchase price. It is difficult to lay down a hard and fast rule which will properly classify a given contract. But the law seems to be that, although the contract does not expressly provide that the vendee agrees to consummate the sale by paying the balance and accepting the deed, yet, where it appears that the general intention was to consummate a sale, the absence of an express agreement does not limit the contract merely to one of option, but that it will be held to be a contract of purchase and sale. As was stated in *Anderson v. Wallace Lumber etc. Co., supra:*

"It purports to be an express agreement to convey the timber land, was so accepted by the defendant, and was so construed by the parties thereto; and a deed was thereafter drafted in pursuance thereof, by direction of defendant's officers, and executed by plaintiff; but defendant refused to receive the same."

The court holding that the contract was not an option to purchase.

In *Wright v. Suydam, supra,* the contract was held not to be an option for the reason that it stated, as does the contract before us, that the first payment was received as part payment upon the purchase price, and in that contract, as in the one here, there followed provisions which clearly contemplated the consummation of the sale, and the court held such an agreement amounted to an agreement to sell on the part of the vendor, and an agreement on the part of the vendee to purchase. It was further said in that case the fact that the vendor's remedy was limited expressly by the

contract to the recovery of liquidated damages did not change the fact that the contract was a contract of purchase and sale on the part of one party, and the promise to purchase of the other. The court said:

"An agreement in a contract, specifying and limiting the particular remedy available to a party to the contract upon the breach thereof by the other, does not change the respective mutual promises which constitute the substance of the contract. Wright did not contract and pay for a mere privilege to purchase land at a future time, but he agreed to purchase and paid part of the purchase price. We are of the opinion that the contract is one for the sale of land, both parties being bound thereby as seller and purchaser, respectively, though the remedy of Suydam upon breach by Wright may be confined to liquidated damages."

Upon this point, therefore, we hold that in this case there was a contract of purchase and sale, which raises another point, and that is, whether the contract, by its terms, limited the respondent's right to the retention of the $500 in full settlement of the entire matter. It is the claim of the appellant that the stipulation, "failure of purchaser to complete purchase within the time stated, except for defective title, shall operate as liquidated damages," is a provision for full settlement of all the rights under the contract, and prevents the respondent from resorting to specific performance.

It is necessary, first, to determine whether this provision in a contract is one for a penalty or for liquidated damages. The law seems to be settled that provisions in contracts of sale calling for penalties do not exclude the right of the vendor to require specific performance. *Howard v. Hopkyns,* 2 Atk. 371; *Raymond v. Caton,* 24 Ill. 123; *Newton v. Hull,* 90 Cal. 487, 27 Pac. 429; *Cartwright v. Gardner,* 5 Cush. (Mass.) 273; *Whitney v. Stone,* 23 Cal. 275. This is also the rule in those cases where the contract is called "void" upon

the breach by the vendee of his covenants. *Westervelt v. Huiskamp,* 101 Iowa 196, 70 N. W. 125; *Canfield v. Westcott,* 5 Cowen (N. Y.) 270; *Wilcoxson v. Stitt,* 65 Cal. 596, 4 Pac. 629, 52 Am. Rep. 310; *North Stockton etc. Co. v. Fischer,* 138 Cal. 100, 70 Pac. 1082, 71 Pac. 438; *Central Oil Co. v. Southern Refining Co.,* 154 Cal. 165, 97 Pac. 177.

Under the authority of *Smith v. Lambert Transfer Co.,* 109 Wash. 529, 187 Pac. 362, we must hold that the provision in the contract before us is one calling for liquidated damages. The *Smith* case contains a review of all the prior decisions of this court touching upon penalties and liquidated damages, and lays down the rule for the interpretation of such provisions as nearly as may be, in view of the multifarious circumstances under which those questions are presented to the court.

Having passed this point in the interpretation of this contract, it becomes necessary to consider whether provisions for liquidated damages destroy the vendor's right to any other form of relief. It will be conceded that, in the absence of any provision for liquidated damages in a contract of purchase and sale, such as we have determined this to be, that the vendor, upon the breach, may either sue for damages which have been occasioned by the vendee's failure to comply with the contract, or he may resort to an action for specific performance of the contract. It does not seem logical to conclude that because the measure of the recovery in an action at law for the breach has been mutually fixed by the parties in the contract, that thereby is destroyed the vendor's right of an election between the two remedies. The effect of placing in the contract the measure of damages merely is to render certain the amount that the vendor is entitled to retain if there has been a payment, or to recover in an action at law,

and does not operate to deprive him of all his right to elect to proceed in an equitable action for specific performance. It is true, of course, that provisions for liquidated damages in such contracts may measure the entire right of the vendor in the event of breach, where the contract indicates that to be the result which both parties had in mind. Or, stated in the language of the decisions, where the stipulation in regard to liquidated damages is to be regarded as security for the performance of the contract by the vendee, then specific performance. may be had by the vendor, but where the stipulation was intended as a substitute for performance—where the vendee might comply with the contract or pay liquidated damages in lieu thereof —then specific performance is not available. *Koch v. Streuter,* 218 Ill. 546, 75 N. E. 1049, 2 L. R. A. (N. S.) 210; *Davis v. Isenstein,* 257 Ill. 260, 100 N. E. 940, 45 L. R. A. (N. S.) 52; *Donahoe v. Franks,* 199 Fed. 262; *Thornburgh v. Fish,* 11 Mont. 53, 27 Pac. 381; *Dana v. St. Paul Inv. Co.,* 42 Minn. 194, 44 N. W. 55.

We will admit that this is not the universal rule, and that there are many expressions in text books and decisions to the effect that the vendor must look solely to the stipulation for liquidated damages. Those interested may find a discussion of the question in the notes to *Koch v. Streuter, supra,* as reported in 2 L. R. A. (N. S.) 210, and *Davis v. Isenstein, supra,* as reported in 45 L. R. A. (N. S.) 52, where the question is summarized in this quotation, which we adopt:

"If it be determined that the stipulation is for liquidated damages, then, according to the better opinion, the question whether it will prevent specific performance will depend upon the question whether it was intended as an alternative for the acts agreed to be specifically performed, or merely as a security for the performance of such acts; in the former case, the court will ordinarily deny the remedy of specific

performance and refer the plaintiff to his remedy at law; and in the latter case it will grant specific performance if such remedy is otherwise proper."

Of course, it is to be recognized that, if the vendor, by his conduct, has so acted that he has accepted the provision for liquidated damages as being the full measure of his rights, he cannot then. be allowed to compel performance. In this case the record does not show that there has been any such conduct on the part of the respondent as to indicate that he had bound himself to the retention of the $500 as the full measure of his rights under the contract.

What is probably the most difficult question in this case now presents itself, and that is, whether this provision in the contract in regard to liquidated damages should be interpreted as an agreement between the parties so that the vendor's right to specific performance has been foreclosed. In other words, whether the language of the phrase which we have set out means that all the rights of the vendor under the contract have been settled, and that the sole relief for the vendee's failure to comply lies in the retention of the amount agreed upon as liquidated damages. Although vendors have the right either to a suit in law for damages or one in equity for specific performance, they can, by so agreeing in the contract, waive their right to recourse to either or both of those remedies, and if it appears that the vendor has agreed that liquidated damages shall be the exclusive resort, or, on the other hand, that he may only maintain an action for specific performance, full effect will be given to such an agreement. We are called on, then, to interpret the meaning of the phrase, "the same being in settlement of and being hereby fixed as liquidated damages." Assuming that this phrase is ambiguous, it should be given such interpretation as not

to deprive the parties using it of any of their rights. Unless it is clear that it was the intention that the parties definitely decided to limit their rights, the courts will not interpret language to have that effect. In other words, language in contracts which is subject to two interpretations will be so interpreted as to preserve the rights of all the parties, rather than be interpreted in such a way as to destroy the rights of either one. Applying this rule to the language here, it would seem to be that the proper interpretation to give it is that the $500 paid should be taken "in settlement of . . . liquidated damages," the amount of which "being hereby fixed as liquidated damages." This interpretation preserves to both the parties all the rights they would have under the contract, whereas an interpretation which would hold that the words "in settlement of" referred to the settlement of all the rights of the parties under the contract, would result in depriving the vendor of his right to resort to an action for specific performance.

In the case of *Wright v. Suydam, supra,* the contract provided for liquidated damages, and "neither party shall be put to any further liability," yet in that case this court allowed the vendee to compel specific performance, although holding that the language just quoted prevented the vendor from compelling specific performance.

Being satisfied that this contract was one of purchase and sale, and that the provision contained in it is one for liquidated damages, we are in agreement with the trial court in holding that the respondent is entitled to specific performance, and the judgment is affirmed.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.