## In re LEVINSON.

### Petition of ROSENBERG.

(District Court, W. D. Washington, N. D. December 14, 1923.)

#### No. 6258.

1. **Vendor and purchaser** ⬯18(3)—**Tender of purchase money not required, where other party could not give title.**

    An option to purchase real estate, where payment and conveyance were to be concurrent acts, *held* not to have been terminated by failure of the optionee to make tender before the option expired by its terms, where the property was then in litigation and a trustee in bankruptcy, who then represented the other party, could not make title, and where the optionee offered to deposit the money in court to stand in lieu of the property, which offer was declined.

2. **Vendor and purchaser** ⬯172—**Optionee held not chargeable with interest after offer to deposit purchase money.**

    The holder of an option to purchase real estate, which at the time the option expired was in litigation, who then offered to deposit the purchase money in court, *held* not chargeable with interest between that time and termination of the litigation, when the purchase was concluded.

In Bankruptcy. In the matter of Joseph Levinson, bankrupt. On review of order of referee on petition of Ella Rosenberg as to the Sorrento Hotel property. Modified and affirmed.

See, also, 295 Fed. 146.

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

$265.05. Thereafter the trustee instituted an action in the state court against the bankrupt, his wife, and the Manhattan Investment Company, to recover as a part of the estate 299 shares of the 300 shares of capital stock of the Manhattan Investment Company; said 299 shares being held by the wife, and the other share by the bankrupt. Judgment was entered in favor of the trustee. On appeal to the Supreme Court (212 Pac. 569), the Supreme Court decreed that the Sorrento Hotel property, standing in the name of the Manhattan Investment Company, was community property of the bankrupt and his wife, and that the trustee recover such property, "subject to the option agreement" theretofore executed by the Manhattan Investment Company to Ella Rosenberg on the 27th day of February, 1919. By the option agreement the Manhattan Investment Company, for $40,000, gave to Ella Rosenberg an option to purchase the Sorrento Hotel property at any time within four years for the sum of $100,000, with 6 per cent. interest. By this agreement the company agreed to convey the property to Ella Rosenberg upon the payment of $100,000, with 6 per cent. interest, free and clear of all liens and incumbrances. Judgment and decree was entered pursuant to direction of the Supreme Court on May 24, 1923.

Mrs. Rosenberg offered to deposit the money due under the option in the court in which the action was pending, to stand in lieu of the property. The referee found that no notice was given by Ella Rosenberg that she desired to exercise her option until just before the option expired in February, 1923. In October, 1922, "some communication between the trustee and Mrs. Rosenberg was had concerning the matter of the option, but as to what it was the parties differed; Mrs. Rosenberg contending that the trustee asked her not to exercise her option until the pending litigation was settled, and that she agreed to do that, while the trustee contends that he asked Mrs. Rosenberg not to exercise her option without first giving him notice, and she agreed to do that." The trustee contends that all interest in the property under the Rosenberg option was forfeited, since Mrs. Rosenberg failed to exercise the option by paying or tendering the balance due in harmony with the provisions of the option, while Mrs. Rosenberg contends that the trustee was unable to convey title, and, being disqualified, she should not be required to do a futile thing, and that she did notify the trustee of her election to exercise the option, and her readiness and willingness to pay upon merchantable title being presented.

The referee denied the right to forfeit, and held Mrs. Rosenberg entitled to all the covenants in harmony with the option, upon the payment of the balance of $100,000, together with interest. Mrs. Rosenberg contended that, in view of the condition of the title by reason of the litigation, the same not having been determined by the Supreme Court until February, 1923, and final decree in the superior court on May 24, 1923, that she should either be entitled to the rents, leases, and profits from the premises or should not be required to pay interest. The referee held that, no tender having been made and in view of the direction of the Supreme Court, there was no excuse for delay in paying or tendering the money. The matter is before the court for review.

Walter B. Allen, of Seattle, Wash., for petitioner.
McClure & McClure, of Seattle, Wash., for trustee.

NETERER, District Judge (after stating the facts as above). [1] I think the referee was right in concluding that the option was still in force, and that the balance due on the option, $100,000, with interest at 6 per cent. from February 27, 1919, should be paid, with the exception that interest should not be charged from February 27, 1923, the date the option matured, to May 24, 1923, the date when the decree was entered in the superior court of the state. From the record it appears that Mrs. Rosenberg announced her readiness and willingness and ability to close the option immediately prior to its expiration. The

295 F.—10

trustee was not able to make the transfer, because the matter was pending in the state court, and thereafter application was made to the Supreme Court for a writ of certiorari and the matter was not concluded until the 24th of May. During this time Mrs. Rosenberg offered to deposit the money into the court where the action was pending, the money to be held in lieu of the property, and await the final decision of the court. This offer the trustee declined. A tender to the trustee of the money would not have served any purpose prior to May 24, 1923. It would have been entirely futile, for the reason that the title was not finally determined.

[2] I think the order of the referee should be modified, and no interest be charged from February 27, 1923, to May 24, 1923. In all other respects, the order of the referee is affirmed.

NOTE.—The following authorities were cited by petitioner, to the effect that a tender is not required where it appears to be futile, and where there are dependent mutual and concurrent acts, one party must offer to perform before he can forfeit the other, etc. Conner v. Clapp, 42 Wash. 644, 85 Pac. 342; Richardson v. Harkness, 59 Wash. 476, 110 Pac. 9; Gould v. Knox, 53 Wash. 248, 101 Pac. 86; Weinberg v. Naher, 51 Wash. 591, 99 Pac. 736, 22 L. R. A. (N. S.) 956; Livieratos v. Commonwealth Co., 57 Wash. 376, 106 Pac. 1125; Rodda v. Needham, 79 Wash. 636, 139 Pac. 628; Keane v. Zindorf, 61 Wash. 152, 142 Pac. 484; McLeod v. Morrison & Eshelman, 66 Wash. 690, 120 Pac. 528, 38 L. R. A. (N. S.) 83; Lewis v. Wellard, 62 Wash. 590, 114 Pac. 455; 29 Am. & Eng. Encyc. of Law, 683; Lawrence v. Halverson, 41 Wash. 534, 83 Pac. 889; Clutter v. Strange, 41 Wash. 90, 82 Pac. 1028.

The following authorities were cited by trustee in support of his contention that time is to be regarded as the essence of the option, and that the terms of the option must be complied with, etc. Waterman v. Banks, 144 U. S. 394, 402, 12 Sup. Ct. 646, 36 L. Ed. 479; Gaines v. Chew (C. C.) 167 Fed. 636; Woods v. McGraw, 127 Fed. 914, 63 C. C. A. 556; Olsen v. Northern S. S. Co., 70 Wash. 495, 127 Pac. 112; Spokane, etc., Ry. Co. v. Ballinger, 50 Wash. 550, 97 Pac. 739; Neeson v. Smith, 47 Wash. 393, 92 Pac. 131; 27 R. C. L. 543, § 40; American Strawboard Co. v. Haldeman Paper Co., 83 Fed. 619, 27 C. C. A. 634; Couch v. McCoy (C. C.) 138 Fed. 696; James v. Darby, 100 Fed. 224, 40 C. C. A. 341; 39 Cyc. 1237, 1238; Sharp v. West (D. C.) 150 Fed. 435; Richardson v. Hardwick, 106 U. S. 252, 255, 1 Sup. Ct. 213, 27 L. Ed. 145; Kelsey v. Crowther, 162 U. S. 404, 406, 16 Sup. Ct. 808, 40 L. Ed. 1017; 39 Cyc. 1239; 27 R. C. L. 344, § 41; 39 Cyc. 1663; 27 R. C. L. 538, § 272; 39 Cyc. 1561, 1562; Sleeper v. Bragdon, 45 Wash. 562, 567, 88 Pac. 1036; 39 Cyc. 1564, 1567, 1569.