SAMUEL W. RAYMOND, Appellant, v. JOHN D. CATON, Appellee.

### APPEAL FROM LA SALLE.

Where a penal obligation arises from a default, in neglecting to execute a principal obligation, the creditor may proceed upon the principal obligation instead of enforcing the penalty.

A penalty does not release a party from his agreement; for, although the penalty is incurred, he must nevertheless perform his contract.

THE declaration in this case is, in substance, as follows: John D. Caton, plaintiff in this suit, by his attorneys, etc., complains, etc., of a plea of covenant broken, for that whereas heretofore, to wit, on the 20th day of October, A. D. 1857, at Ottawa, etc., certain articles of agreement were then and there made and entered into by and between the said plaintiff, of the one part, and the said defendant, of the other part, under their hands and seals, which said articles of agreement were and are in substance as follows:

"Articles of agreement, made and entered into this 20th day of October, 1858, by and between John D. Caton, party of the first part, and J. Dean Caton, Samuel W. Raymond and others, parties of the second part, witnesseth, that the said party of the first part shall purchase, at the assignees' sale, the Ottawa Starch Factory and its fixtures and appurtenances, in trust for himself and the said parties of the second part, in the proportion that the stock in the Ottawa Starch Company which each now holds and owns bears to the whole amount of paid up stock which is held and owned by all of the parties hereto specified, as follows: that is to say, the said John D. Caton hold one hundred shares of said stock, and said Samuel W. Raymond thirty-five shares (and other persons hold shares of said stock); and such trust is hereby expressly declared in the proportion and in favor of the parties aforesaid; and the said parties of the second part do severally and respectively, each for himself, hereby agree to and with the party of the first part, to pay, upon the execution of these presents, ten per cent. on the amount of stock held by him toward his proportion of the purchase money of said property, and afterwards to pay his proportion of the purchase money according to his proportion of interest in said trust estate, at the times respectively when, by the terms of said sale, said trustee shall be required to pay for said purchase; and in case any of said parties of the second part shall fail to make said payments promptly, at the time or times appointed, he shall forfeit, and does hereby abandon and relinquish all right and interest, both legal and equitable, of, in and to said property, and

Raymond *v.* Caton.

shall be as much a stranger thereto as if he had not been party hereto, and the interest thus forfeited and abandoned shall go to the other parties hereto in the proportion of the interest which each one holds in the remainder of said property; and each one shall immediately, on the call of the party of the first part, pay to the said party of the first part his proportion as aforesaid of the payment which the defaulting party had agreed to, but failed to pay. A failure to meet this last-named call shall forfeit only the interest on which this call is made, and the interest thus forfeited shall go to the other parties hereto in the same, who will pay all the calls made upon them under this agreement, in the same ratio and upon the same principle as before stated. Said party of the first part shall, in the first instance, bid for said property the sum of forty-five thousand dollars, and if there shall be any higher bids for said property, he shall run the same up to such sum as he shall be instructed to do by a committee to be appointed by the parties hereto for that purpose, if need be, to secure the purchase. After said property shall be purchased as aforesaid, the owners thereof shall, if such a charter shall be procured, be incorporated by an act of the legislature of Illinois; said charter to be approved and adopted by a majority in interest of the equitable owners of said property, and the said trustee shall execute said trust by conveying said property to said corporation, or said party of the first part shall execute said trust by conveying said property to such party or parties as shall be appointed and directed by a majority in interest of the equitable owners of said property. Until said corporation shall be created and said conveyance made to it, or until said property shall be conveyed to other party or parties, in pursuance of the appointment of a majority in interest of said owners as above provided, the affairs of this concern shall be managed by three managers, who shall be chosen by a majority in interest of the parties hereto, or their assigns, who shall appoint one of their number as the acting manager of the affairs of the said concern. And whatever funds the said managers shall require, to carry on the business of said concern, shall be contributed by each of the parties hereto, or their assigns, in the proportions of interest held by each. A call for said funds shall be made by said managers, at a meeting of said owners called by them, by leaving a written or printed notice thereof at the post office in Ottawa, addressed to each party at his usual place of residence, if known, and if not, addressed to him at Ottawa, at least twenty days before said call shall be payable; and in case any party shall fail to make payment of said call or calls at the time or times thus appointed, then the interest of the party thus in default shall be forfeited, and the

same is hereby abandoned to the other parties who will pay these calls, the same and upon the principle as is hereinbefore provided in case of non-payment of installments for the purchase money of said property. Subscriptions to this contract shall be closed at five of the clock the afternoon of the twentieth day of October, 1858.

" In witness whereof, the parties have hereunto, in duplicate, interchangeably set their hands and seals, the day and year aforesaid.

| Signed | One Hundred Thirty-five shares and thirty others. | J. D. CATON. S. W. RAYMOND. | [SEAL.] [SEAL.] " |

As by said articles of agreement now here brought into court, etc. And the said plaintiff avers that he did, in pursuance of said articles of agreement, on the 20th day of October, A. D. 1858, purchase, at the assignees' sale, the Ottawa Starch Factory and its fixtures and appurtenances, for forty-five thousand dollars, upon the terms hereinafter expressed, in trust for himself and the said parties of the second part in said articles of agreement mentioned. And the plaintiff further avers, that he hath well and truly kept, performed and fulfilled all and singular the covenants and agreements in the said articles of agreement mentioned on his part and behalf to be done and performed. And the plaintiff further avers, that by the terms of said purchase, the said plaintiff was to pay and did pay, for said Ottawa Starch Factory and its fixtures and appurtenances, the sum of eleven thousand two hundred and fifty dollars, upon the said day of said purchase, and the sum of sixteen thousand eight hundred and seventy-five dollars three months after the day of said purchase, and the sum of sixteen thousand eight hundred and seventy-five dollars six months after said day of purchase, which said times have long since elapsed. And the plaintiff further avers, that the proportion which said defendant was, by the terms of said agreement and by said sale, required to pay to said plaintiff, was and is the sum of one thousand five hundred and sixty-six dollars and twenty-five cents, of which said sum the sum of three hundred and fifty dollars was due and payable on the day of the execution of said agreement; twenty-six dollars and twenty-five cents was due and payable on the 20th day of October, A. D. 1858; the sum of five hundred and sixty dollars became and was due and payable on the 25th day of January, A. D. 1859, and the sum of six hundred and thirty dollars became and was due and payable on the 25th day of April, A. D. 1859; and the plaintiff avers that said defendant has never paid to said plaintiff the said sum of twenty-six dollars and twenty-five cents aforesaid, nor the said sum of five hundred and sixty

dollars, nor the said sum of six hundred and thirty dollars, the same then and there being said defendant's proportion of the purchase money, and that defendant, though requested, refused and neglected to pay, and still refuses, etc.

Defendant filed a general demurrer to this declaration.

The court overruled the demurrer, and the defendant abiding by his demurrer, judgment was entered on same.

Assessment of damages by jury, $1,243.55.

Motion by defendant to set aside inquest, and motion overruled.

Judgment was rendered on inquest, and an appeal was taken.

The cause was tried before HOLLISTER, Judge.

The appellant assigns for error, that—

The court erred in overruling defendant's demurrer to plaintiff's declaration; and

In overruling motion of defendant below to set aside the inquest.

O. C. GRAY, and J. AVERY, for Appellant.

B. C. COOK, for Appellee.

BREESE, J. The object of providing a penalty in a contract like this before us, is not to excuse a party, but to compel him to perform his contract.

In 1 Pothier on Obligations, 280, in treating of the third principle of penal obligations, it is said, "the object of the penal obligation is to assure the execution of the principal." "Therefore, where the penal obligation attaches from a default in executing the principal, the creditor may, instead of enforcing the penalty, proceed upon the principal obligation."

In *Howard* v. *Hopkyns*, 2 Atkins, 371, Lord Hardwicke held that a penalty does not release parties from their agreement, for though the penalty is incurred, ·they must perform it notwithstanding.

In this case the penalty was, the forfeiture of the stock, and to become a stranger to the property, at the option of the appellee. Yet the party is bound to pay the calls on his stock, as that is his contract. How else could a trustee in such case, protect himself under the great responsibilities he had assumed. Declaring a forfeiture, would not put the trustee in funds to meet the liabilities of his trust.

The case of *Mason* v. *Caldwell*, 5 Gilman, 204–5, is in principle precisely like this case, and is decisive of it. The penalty in that case, as in this, was to insure a prompt performance of the contract the parties had entered into with the appellee. It is for him to declare a forfeiture, and until he does, the subscribers are bound to pay their subscriptions.

The evidence is not preserved by bill of exceptions, so that we cannot determine what facts were before the court to justify the finding the precise sum as found.  In the record itself we see no error, and therefore affirm the judgment.

*Judgment affirmed.*

CATON, C. J., did not sit in this case, nor take any part in the hearing and judgment.