[No. 9,398. Department Two. — September 15, 1884.]

## JACKSON WILCOXSON, APPELLANT, v. JOHN G. STITT, RESPONDENT.

VENDOR AND VENDEE — CONTRACT OF SALE — WHO MAY RESCIND THE CONTRACT. — Under a contract for the sale of land, in which the vendee agrees to pay a balance of the purchase money on or before a certain date, and the vendor agrees to convey upon such payment, and which provides that if the vendee shall fail to make such payment he shall forfeit all right to the land, and the vendor shall be released from all obligations to convey, "and the agreement shall be void," if the vendee neglects or refuses to pay, the vendor has the option to avoid or enforce the contract, and may, if he so elects, sue and recover the unpaid balance of the purchase money.

APPEAL from a judgment of the Superior Court of the county of Sutter.

The facts are stated in the opinion.

*Treadwell & Van Fleet*, for Appellant.

*I. S. Belcher*, for Respondent.

THORNTON, J. — This action was instituted on a contract between plaintiff of the first part and defendant of the second part, expressed in articles of agreement, by which plaintiff agreed to sell to defendant a tract of land for the sum of eighteen thousand four hundred and eighty dollars. Of this sum defendant paid one half, and agreed to pay the remaining half on or before the 21st day of March, 1878, together with interest from the date of the contract at the rate of ten per cent per annum. The defendant also agreed to pay all State, county, township, district, road, and levee taxes that were due when the contract was executed, or that thereafter might become due on the land sold.

The following stipulations also constitute a part of the contract: —

"In the event of failure to comply with the terms and all the conditions hereof by the party of the second part, the party of the first part shall be released from all obligations, either in law or equity, to convey said property or any part thereof, and the said party of the second part shall forfeit all right thereto, and this agreement shall be void.

"And the said party of the first part on receiving such payments, at the time and in the manner above mentioned, shall

and will make, execute, and deliver to the said party of the second part a deed for all his right, title, claim, and interest in and to said lands, hereinbefore described and mentioned."

The action was brought to recover the sum last mentioned in the contract, with interest, etc. Prior to bringing this action plaintiff tendered a deed such as was required by the agreement, and at the same time demanded payment of the sum sued for with interest as set forth in the contract. Defendant refused to receive the deed or pay the money.

The facts above mentioned, together with other facts not material to the determination of the cause, were found by the court below. Judgment was rendered for defendant and plaintiff appealed.

It is contended here by counsel for respondent to sustain the judgment, that, under the provisions of the agreement between the parties hereto, on the failure of the defendant to pay the sum sued for with interest, on the 21st of March, 1878, the agreement became wholly void, that both parties were thereupon released from all obligations under it, and that no action could be maintained on it.

On this point we are referred to no pertinent authority by the respondent. *Gordon* v. *Swan*, 43 Cal. 564, has no application. The cases cited on behalf of appellant hold that such an avoiding clause as the one in the agreement before us is for the benefit of the vendor, that he has an option to avoid the agreement or enforce it, and that the vendee cannot take advantage of his own failure or neglect and avoid the agreement. *Mason* v. *Caldwell*, 5 Gilm. 196, was an action brought by the vendor against the vendee to recover on certain notes given under the provisions of a contract of purchase of land evidenced by a bond. In that case the question arose as to the meaning of a clause in the bond, in these words: "But should the said John R. Caldwell or his assignee fail to pay the said sum of money, specified in said notes, within ten days after the same become due, he thereby forfeits all claims to said lots and all the moneys paid thereon, and this bond, in such event, shall be void both in law and equity, and the title to said lots shall continue in the original proprietor, as if no sale had been made."

As to this the court said: "The defendant contends that he can take advantage of this clause, and because he did not pay the money as he had agreed to do, he is exonerated from paying it at all. It is argued that because the obligee, in the event of non-payment, may treat the bond as determined, mutuality requires that the obligor should have the same privilege. This argument refutes itself. It is as much a *felo de se,* as it would make the bond. To admit the defendant's position is to leave everything in his own hands. It allows him to defeat, or make the bond operative, as may best subserve his interest, without any discretion on the part of the obligee. It converts the bond into a naked proposition, absolutely binding on the seller, but which the purchaser may accept or reject by the payment or non-payment of the money. By thus putting the entire control in the hands of the latter, all mutuality is destroyed. It was the undoubted intention of both parties when they inserted this clause, to provide a penalty to insure a prompt performance by the purchaser. By performance he leaves no discretion in the hands of the obligee, but has a right to enforce the bond, while if he does not, he agrees to leave it optional with the other party to avoid the contract or not. Here was a real mutuality, for the purchaser had the first discretion, and if he placed himself in the power of the party, it was by his own voluntary neglect to pay the money as he had bound himself to do, and it was but a just penalty for violating his obligation. But this is not a case of first impression. This precise question has been fully settled by a number of decisions in other States. The first case to which we shall refer is that of *Canfield* v. *Westcott,* 5 Cowen, 270, and two other cases are given in a note to that, where the same court had held the same rule; in the last of which, *Church* v. *Aynes,* almost the identical words are used which are found in the avoiding clause of this bond: 'Otherwise, these presents to be void both in law and equity.' In all of these cases the court held that the avoiding clause was inserted for the benefit of the obligee, and that the obligor could not take advantage of his own neglect in the non-payment of the consideration. The same construction was given to a similar clause in the case of *Manning* v. *Brown,* 1 Fairf. 49. The same principle was sustained in Kentucky, in *Barbours' Exrs.* v. *Brookie,* 3 Marsh. J. J. 511."

*Canfield* v. *Westcott*, 5 Cowen, 270, was an action of covenant on articles of agreement under seal, to recover certain install-ments of the purchase money.   In that case, the following clause in the articles came under consideration : " The said Daniel (the defendant) hereby agrees that should he fail in performing any part of the above covenants, that this contract shall become void, and of no effect; and that the said party of the second part (the testator) shall and may re-enter, and take possession of the said premises, without hindrance or molestation."

The court said : " The provision that this agreement should be void was for the benefit of the vendor.   On the vendee's default, the vendor might, therefore, consider the agreement void at his own election; or affirm it, and bring his action on the covenants," and they said this had been often so held in much stronger cases ; as where the provision in the articles was general and positive, in the words of both parties, that if the vendee failed to perform, the contract shall be void.

In the report of *Church* v. *Ayens*, 5 Cowen, 273, Savage, C. J., who delivered the opinion of the court, said : " The very point now raised was decided by this court on the same state of plead-ings in *Van Rensselaer* v. *Fitch*.   The case is not reported ; but I have been favored by the late chief justice with the demurrer book and the decision of the court.   Van Rensselaer sued Fitch on an article of agreement, as follows : ' First, the said party of the second part (Fitch) agrees to purchase of the said party of the first part (Van Rensselaer) the lands hereinafter mentioned, and to pay him for the same the sum of three thousand two hundred and ninety-six dollars, in one year from the date thereof, with interest on the same till paid, *otherwise these pres-ents to be void both at law and in equity.*'   Van Rensselaer then covenanted that the money being paid, he would convey.   To a declaration on this contract the defendant demurred, and judgment was rendered for the plaintiff."

In *Cartwright* v. *Gardner*, 5 Cush. 281, the court, in consider-ing a clause in a contract of a similar character with the one in this cause, remarked : " It is often provided in leases, in strong and unqualified terms, that if the lessee neglects or refuses to pay rent, the lease shall be void; but it always has been held, that the lessee cannot, in such cases, set up his own neglect as

avoiding the lease. Though the terms are express and positive, that the lease shall be void, yet they are held to mean, that the lease shall be void only at the election of the lessor, for whose benefit the provision is made."

In the light of these cases, and we find none to the contrary, we feel constrained to hold that the meaning of the clause under discussion in the agreement in this case, is that such agreement is void only at the election of the plaintiff, who can avoid it or enforce it at his option.

The judgment must, therefore, be reversed, and, as in our view, the plaintiff is entitled on the facts found to a judgment for the amount sued for, with interest at the rate of ten per cent per annum from the date of the contract, the case is remanded, with directions to the court below to enter judgment for the plaintiff accordingly.

SHARPSTEIN, J., and MYRICK, J., concurred.

Hearing in Bank denied.