WILLIAM A. DANA *vs.* ST. PAUL INVESTMENT COMPANY.

December 20, 1889.

Vendor and Purchaser—Contract—Vendor's Option to Forfeit—Purchaser's Liability for Unpaid Instalments.—A contract for the purchase of real estate, under which the purchase price was to be paid in instalments, one of which was paid at the date of the instrument, which was signed by both parties, contained the following stipulation, viz.: "Time is made an essential condition of this agreement, in that if the said vendee shall fail to make payment of the balance of the above-named $1,350 at the time above specified, or shall fail to perform any of the covenants hereinbefore specified by the said company [vendee] to be performed, then, and in that case, all moneys paid shall be forfeited, and the said owner of said premises shall be absolutely and forever discharged from any liability under this contract, which shall immediately become null and void." *Held*, that such provision was intended for the benefit of the vendor, who might avail himself of the benefit of it at his election, or waive it, and enforce the contract as against the vendee, who was not entitled to avoid the contract at his option and for his own default.

Appeal by plaintiff from an order of the district court for Ramsey county, *Brill*, J., presiding, granting defendant's motion for judgment on the pleadings.

*Williams & Goodenow,* for appellant.

*Pinch & Twohy,* for respondent.

VANDERBURGH, J.　This is an action by the vendor to compel the specific performance of a contract for the sale of land.　The contract is set out in the record, and among other provisions contains the following: "Time is made an essential condition of this agreement, in that if the said vendee shall fail to make payment of the balance of the above-named $1,350 at the time above specified after date of fur-

nishing abstract, or shall fail to perform any of the covenants hereinbefore specified by said company to be performed, then and in that case all moneys paid shall be forfeited as the consideration paid for this agreement, and the said owner of said premises shall be absolutely and forever discharged from any liability under this contract, which shall immediately become null and void." It is admitted that the plaintiff is the owner in fee of the land, and that defendant paid the first instalment of $200 under the contract, and no more; "and that the plaintiff, on or about September 20, 1887, delivered to defendant an abstract of title, duly certified to date of said contract, as required by the terms thereof; that more than sixty days elapsed after the delivery of said abstract as aforesaid, and said title was found good, and defendant did not and has not paid the balance of said $1,350, nor executed the notes and mortgage, as required by the terms of said contract, and was and is in default upon its said contract in both said particulars."

The defendant's contention upon these facts is that by reason of its own default the contract and all its unfulfilled obligations were terminated by force of the stipulation in question, not only at the election of the vendor, but of the vendee as well. But it is obvious that this is not the correct interpretation of the contract. Apart from the effect to be given to the clause making time essential, equity might have relieved defendant from its default or failure to comply with the strict terms of the contract, on a proper showing of good faith and diligence, because it had acquired an equitable interest in the land which the court might interfere to protect, since forfeitures are not favored. And so the plaintiff, having also a subsisting right to enforce the defendant's obligations under the contract, which was not a mere option extended to defendant, may at his election waive the strict terms of such stipulation, which was obviously intended for his own benefit, and to be obligatory only upon the defendant. A party who has entered into an obligation to pay will not be permitted to set up his own voluntary default to defeat the same, unless such intention clearly and unequivocally appears, in which case the contract would become a conditional one, or be turned into a mere option. The purpose of these strict provisions was undoubtedly to insure a

prompt and faithful performance by the purchaser, and may be enforced or not, at the election of the vendor. All the authorities agree in this construction of the contract. *Cartwright* v. *Gardner*, 5 Cush. 273, 280, 281; *Manning* v. *Brown*, 10 Me. 49; *Mason* v. *Caldwell*, 5 Gilman, 196; *Barbour* v. *Brookie*, 3 J. J. Marsh. 511; *Wilcoxson* v. *Stitt*, 65 Cal. 596, (4 Pac. Rep. 629;) *Church* v. *Ayres*, 5 Cow. 272. A different case is presented where provision is made for the termination of a contract, and for adjusting the rights of the parties under it, upon the happening of some contingency which will prevent the parties from completing the purchase, or making title as contemplated by the contract, as was the case in *Heisley* v. *Swanstrom*, 40 Minn. 196, (41 N. W. Rep. 1029;) and *Mackey* v. *Ames*, 31 Minn. 103, (16 N. W. Rep. 541.) The object of the parties in entering into the contract being the purchase and conveyance of certain lands, it was reasonable and proper to provide for the termination of the contract in case the title failed or could not be made good, and accordingly such was held to have been the intention of the parties in the cases referred to. The distinction between the two classes of cases is sufficiently obvious.

Order reversed.