JOHN C. RICHARDSON v. THE WOODLAWN TOWN
COMPANY.

No. 154.

CONTRACT—*for sale of land, clause relative to avoidance by vendor construed.* Where, in a written agreement for the sale of land, the parties stipulate: "In case the second party shall fail to make the payments aforesaid, and each of them, punctually, and upon the strict terms and times above limited, and likewise to perform and complete all and each of the agreements and stipulations aforesaid, strictly and literally, without any failure or default, then this contract, so far as it may bind said first party, shall become utterly null and void, and all rights and interests hereby created, or then existing, in favor of, or derived from, the second party, shall utterly cease and determine, and the right of possession, and all equitable and legal interests in the premises hereby contracted; shall revert to, and revest in, said first party without any declaration of forfeiture or act of re-entry, or any other act by the said first party to be performed, and without any right of said second party of reclamation or compensation for moneys paid or services performed as absolutely, fully and perfectly as if this contract had never been made;" the meaning of such clause is, that such agreement is void only at the election of the vendor or seller, who can avoid it or enforce it at his option. *Chambers v. Anderson*, 51 Kan. 385.

Error from Sumner District Court.    Hon. James A. Ray, Judge.    Opinion filed January 5, 1897.    *Affirmed.*

*W. W. Schwinn*, for plaintiff in error.    .

*A. E. Parker and L. Nebeker*, for defendant in error.

JOHNSON, P. J. The defendant in error, as plaintiff below, commenced this suit to recover on a contract for the sale of lots in Woodlawn addition to the city of Wellington, Kan. The only question in the case turns upon the construction to be placed upon the contract. It is contended on the part of John C. Richardson, plaintiff in error, that, under the provisions of the written contract signed by him, he had the option to abandon the purchase at any time, upon

forfeiting all money paid by him thereon ; and that, when he refused to pay the contract price for the purchase of these lots, the contract became wholly void, and all the parties were released therefrom. The provision of the contract is as follows :

"And in case the second party [Richardson] shall fail to make the payments aforesaid, and each of them, punctually, and upon the strict terms and times above limited, and likewise to perform and complete all and each of the agreements and stipulations aforesaid, strictly and literally, without any failure or default, then this contract, so far as it may bind said first party, shall become utterly null and void, and all rights and interests hereby created, or then existing, in favor of, or derived from, the second party, shall utterly cease and determine, and the right of possession, and all equitable and legal interests in the premises hereby contracted, shall revert to, and revest in, said first party without any declaration of forfeiture or act of re-entry, or any other act by said first party to be performed, and without any right of said second party of reclamation or compensation for moneys paid or services performed as absolutely, fully and perfectly as if this contract had never been made."

In the case of *Bohart v. Investment Co.* (49 Kan. 94), which was a suit upon a written contract containing a provision similar to that now under consideration, it was decided as follows :

"The provision in the contracts making them null and void if Bohart made default in the payment of his installments, or any installment, was for the benefit of the investment company. The company could have insisted on this provision, and had the contracts annulled. It also had the right or option to declare a forfeiture for the non-payment of the installments, or any installment ; but it also could waive that right. . . . A waiver of the right to declare a forfeiture for non-payment at a specified time is not a rescission of the contract. The investment company, as the

vendor, is entitled to its money upon the contracts, and the vendee to the lots therein described. *Barrett v. Dean*, 21 Iowa, 423 ; *Sigler v. Wick*, 45 id. 690.''

In *Wilcoxson v. Stitt* (65 Cal. 596, 4 Pac. Rep. 629), it was held :

'' Where, in an agreement for the sale of land, the parties stipulate that, ' in event of the failure to comply with the terms of the agreement, the vendor shall be released from all obligations to convey, and the vendee shall forfeit all right thereto, and the agreement shall be void,' the meaning of such clause is, that such agreement is void only at the election of the vendor, who can avoid it or enforce it at his option.''

In the case of *Chambers v. Anderson* (51 Kan. 385), the written contract contained a provision similar to that now under consideration, the only difference being that in that case it provided, "All rights and interests hereby created or then existing in favor of or derived from the *first* party, shall utterly cease and determine." Under the contract sued on in this case the words are, "And all rights and interests hereby created, or then existing, in favor of, or derived from, the *second* party, shall utterly cease and determine." The only difference in the two clauses being that in the case of *Chambers v. Anderson* occur the words "first party," and in the case under consideration occur the words "second party."

It is insisted that the case of *Chambers v. Anderson*, supra, would be decisive of this case, but for the use of the word "second," which changes the whole import, meaning and force of the contract, and changes this provision from a provision for the benefit of the vendor into a provision for the benefit of the vendee, and in terms gives the vendee the right, at any time before final execution of the contract, to refuse any further performance.

In order to get at the real intention of the parties to this contract it is necessary to consider all parts of the contract together, and get the real meaning and purpose of the language employed. The contract, after providing for the execution of the deed of warranty by the first party, reads :

" And in case the second party shall fail to make the payments aforesaid, and each of them, punctually, . . . and likewise to perform and complete all and each of the agreements and stipulations aforesaid, strictly and literally. without any failure or default, then this contract, so far as it may bind said first party, shall become utterly null and void, and all rights and interests hereby created, or then existing, in favor of, or derived from, the second party, shall utterly cease and determine."

We think by the language employed in this contract, " all rights and interests . . . derived. from," refers to the rights and interests which had passed and been transferred by the sale of the land, rather than to the executory promise to pay the money.

The case of *Canfield v. Westcott* ( 5 Cow. 270 ) was an action of covenant, on articles of agreement under seal, to recover certain installments of the purchase-money. In that case the following clause in the articles came under consideration :

" The said Daniel [ the defendant ] hereby agrees, that, should he fail in performing any part of the above covenants, that this contract shall become void, and of no effect ; and that said party of the second part [ the testator ] shall immediately re-enter and take possession of said premises without hindrance or molestation."

In passing upon this clause in the agreement, the court said :

" The provision that this agreement should be void was for the benefit of the vendor. On the vendee's

630    RICHARDSON v. WOODLAWN TOWN CO.

S. Dept.          Opinion.   Johnson, P. J.          5 Kan. App.

default, the vendor might, therefore, consider the agreement void, at his own election ; or affirm it, and bring his action on the covenants ; and they said that this had been often so held in much stronger cases ; as where the provision in the articles was general and positive in the words of both parties, that if the vendee failed to perform, the contract should be void.''

Chief Justice Horton, delivering the opinion of the court in *Chambers v. Anderson*, supra, says :

'' Under the authorities it was the undoubted intention of all the parties to the written contract, when they inserted the clause permitting the contract to be declared null and void upon default of Mary E. Chambers, to provide a penalty to insure the prompt performance of the contract by her. If the refusal of Mrs. Chambers to perform the terms of the contract prevents an action from being maintained thereon as against her, the agreement leaves everything in her own hands. It allows her to defeat or make the contract operative as may best subserve her interest, without any discretion on the part of the others. It makes it binding on the seller, but not on the buyer. But this is not the law. The provisions in the contract permitting it to be regarded as null and void could only be taken advantage of at the election of the plaintiffs below, who can avoid it or enforce it at their option.''

The forfeiture clause placed in this contract was wholly for the benefit of the Woodlawn Town Company and it had the right to waive the same, and when it executed the deed of conveyance of the town lots and tendered it to the defendant and demanded payment of the amount due on the contract, it waived the forfeiture clause and was entitled to recover the money due under the contract with the stipulated interest.

The judgment of the District Court is affirmed.