[L. A. No. 2073.  Department Two.—August 17, 1908.]

CENTRAL OIL COMPANY OF LOS ANGELES (a Corporation), Respondent, v. SOUTHERN REFINING COMPANY (a Corporation), Appellant.

CONTRACT FOR SALE—PROVISION FOR FORFEITURE ON DEFAULT—INNOCENT PARTY MAY ENFORCE.—A provision in a contract of purchase and sale, to the effect that the violation of any of the terms or conditions thereof by either party should work a forfeiture, and the contract should thereupon become void and of no effect, only means that by a violation of the terms of the contract the rights of the party violating it cease, and as to him and to that extent, the agreement becomes void and of no effect. The contract still remains in force so as to protect the rights of the innocent party and to enforce the obligations of the delinquent.

ID.—PERFORMANCE, WHEN EXCUSED.—Performance by the party not in fault under such contract is always excused by the wrongful refusal to perform by the other party.

ID.—AGREEMENT TO PURCHASE MINIMUM AMOUNT MONTHLY.—Under an agreement for sale, whereby the seller agreed to deliver during a specified year from sixty thousand to one hundred and eight thousand barrels of oil, provided that not less than five thousand nor more than nine thousand barrels should be delivered in any one month, any excess over five thousand barrels which the purchaser might have taken in any month could not be applied to the purchases which he was obligated to make during the succeeding months.

ID.—DAMAGES—LOSS OF PROFITS—INTEREST ON DAMAGES.—In an action by a seller to recover damages for breach of a contract for sale, consisting of the difference between the contract and the market price of the thing agreed to be sold, interest is allowable on the amount of damages suffered from the date of the filing of the complaint.

ID.—AGREEMENT FOR SALE IN FUTURE.—An agreement to sell and deliver in the future oil to be produced from the seller's wells is valid.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. G. A. Gibbs, Judge.

The facts are stated in the opinion of the court.

B. M. Marble, and McNutt & Hannon, for Appellant.

Percy R. Wilson, and W. W. Middlecoff, for Respondent.

HENSHAW, J.—Plaintiff and defendant entered into a contract whereby plaintiff agreed to deliver to defendant oil produced from plaintiff's wells, as follows: "from sixty thousand (60,000) to one hundred eight thousand (108,000) barrels of forty-two (42) gallons each, to be delivered as ordered by second party (Southern Refining Company), within one year from the first day of July, 1904, provided that not less than five thousand (5,000) nor more than nine thousand (9,000) barrels shall be delivered in any month during the term of this contract. . . . This contract shall commence with the 1st day of July, 1904, and continue monthly thereafter for the period of one year and the violation of any of the terms or conditions thereof by either party hereto shall work a forfeiture thereof, and this agreement shall thereupon become void and of no effect."

Plaintiff sued for damages for breach of this contract, the breach consisting in the failure and refusal of defendant to take the oil in accordance with the terms of the contract. The court found the breach and awarded damages based upon the difference between the contract price of the oil and the market price of oil at plaintiff's wells for the months during which defendant refused to take plaintiff's product.

Upon appeal appellant's first and principal contention is that by force of the terms of the contract itself, when defendant violated it, the agreement became "void and of no effect"; that this provision means that the violation terminated the contract and that consequently plaintiff had no right of recovery under it. Clearly appellant misconstrues the force of the language upon which it relies. That language means that by a violation of the terms of the contract the rights of the party violating it cease, and as to that party and to that extent, the

agreement becomes void and of no effect. It would be an extraordinarily unreasonable construction to give the language the meaning for which appellant contends. It would work the destruction of the contract itself and leave this solemn writing as an expression of the mere whim of the parties, for "a promise which is made conditional upon the will of the promisor is generally of no value, for one who promises to do a thing only if it pleases him to do it, is not bound to perform it at all." (9 Cyc. of L. & P., p. 618.) Performance by the party not in fault is always excused by the wrongful refusal to perform by the other party. The rights of the party in fault come to an end, but the contract is nevertheless kept in force so as to protect the rights of the innocent party and to enforce the obligations of the delinquent party. (Civ. Code, secs. 1511, 1512, 1514.) Such has uniformly been the construction put upon language such as this when found in contracts. (*Wilcoxson* v. *Stitt*, 65 Cal. 596, [52 Am. Rep. 310, 4 Pac. 629]; *Mancius* v. *Sergeant*, 5 Cow. 271, note; *Dana* v. *St. Paul Investment Co.*, 42 Minn. 196, [44 N. W. 55]; *Westervelt* v. *Huiskamp*, 101 Iowa 202, [70 N. W. 125]; *Raymond* v. *Caton*, 24 Ill. 123.)

The court construed the contract as requiring defendant to take a minimum of five thousand barrels of oil each month and refused to allow any excess over the five thousand barrels which defendant might have taken in any month to be considered as applicable to the purchases of succeeding months. To illustrate, if defendant had used forty thousand barrels in the first six months, the minimum which it was required to use being only thirty thousand barrels, the court refused to treat the excess of ten thousand barrels as covering purchases for the two succeeding months. In this, we think the court was clearly right. Defendant was entitled to purchase up to the amount of nine thousand barrels every month, but the fact that it purchased nine thousand barrels for two or three or four months, when perchance the price of oil was high, would not relieve it from the necessity of purchasing five thousand barrels for each succeeding month, when perchance the price of oil had fallen below the contract price.

In making its computations the court seems to have fallen into a clerical error amounting to $250. In other words, it found the lost profits of plaintiff to be $6500, when the lost

profits were actually $6250.  Respondent contends that it was entitled to interest, from the date of the filing of the complaint, upon the $6250 actual profit, and that this interest far exceeds the $250 allowed.  Respondent's contention in this respect is sound.  (Civ. Code, sec. 3287; *Cutting Fruit Packing Co.* v. *Canty,* 141 Cal. 692, [75 Pac. 564].)

The final contention of appellant is that the sale was void under sections 1722 and 1730 of the Civil Code, it purporting to be a sale of property *in esse.*  But the contract on its face is clearly an agreement to sell and deliver in the future.  Such a contract is expressly authorized by sections 1726, 1729, 1730, and 1754 of the Civil Code.  Section 1730 provides that any property which, if in existence, might be the subject of sale, may be the subject of an agreement of sale, whether in existence or not.

For which reasons the judgment and order appealed from are affirmed.

Lorigan, J., and Beatty, C. J., concurred.