[Civ. No. 12222. Second Appellate District, Division One.—July 10, 1939.]

FELTON CHEMICAL CO., INC. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Leonard Wilson and Clifford Thoms for Petitioner.

J. H. O'Connor, County Counsel, and Douglas De Coster, Assistant County Counsel, for Respondents.

WHITE, J.—Petition to review and annul certain proceedings of the Superior Court of Los Angeles County. The facts are these:

Petitioner herein, plaintiff in an action for an injunction filed and tried in respondent court, is a New York corporation engaged in the manufacture, compounding and selling of aromatic chemicals, flavoring materials and kindred products, doing business, according to the allegations of its complaint, throughout the entire world. Prior to 1933 Albert Albek, one of the defendants in the aforesaid action, was associated with petitioner as an officer, stockholder and sales manager in its New York office. Following negotiations in 1933, a contract was executed between petitioner and said Albert Albek, which contract formed the basis of the action in the respondent court. This contract, in substance, as disclosed by the record before us, provided that Albek should act as the exclusive representative of petitioner in the ter-

ritory west of Denver for a certain definite period of time, and further provided that during such time Albek should not compete with petitioner in any similar line of products. Thereafter, and during the life of such contract, Albert Albek repudiated the same and, according to petitioner's complaint filed in respondent court, commenced to undermine the former's business by solicitation of petitioner's customers. Petitioner's complaint in the respondent court alleged a breach of the contract and prayed for an injunction restraining Albek and various other defendants from solicitation of petitioner's customers.

Following a trial of the action respondent court ruled that the contract had been breached by the defendant Albek, that the breach was without justification, and thereupon granted to petitioner a permanent injunction restraining Albek and the other defendants from soliciting petitioner's customers in the territory west of Denver until June 19, 1940. When the formal judgment was signed and entered by respondent court it limited the injunction to those customers of petitioner located within the territorial limits of the State of California, for the reason evidently, as indicated by the affidavit of the trial judge of respondent court contained in the return herein, that the latter was without jurisdiction to issue an injunction that would apply to customers outside the State of California. Several months thereafter petitioner herein commenced an action in the Superior Court of the State of Illinois in and for the county of Cook, against Albert Albek and others, alleging that the defendants were violating the terms of their contract in the State of Illinois and otherwise unfairly and unlawfully competing with petitioner. In the affidavit filed by the judge of respondent court we find the following:

"Affiant further states that on or about the 20th day of December, 1938, he was advised by Lyle W. Rucker, attorney of record for defendants herein, that the plaintiff herein had commenced an action in the State of Illinois against the defendants Albert Albek and Albert Albek, Inc., a corporation, wherein an injunction was sought against said defendants, based upon the identical contract, which was the subject of plaintiff's action herein, wherein plaintiff sought relief against defendants, seeking to prevent defendants from selling its products in the State of Illinois. That thereupon counsel for defendants herein and counsel for plaintiff herein

called upon affiant respecting said suit so instituted in the State of Illinois, whereupon affiant informed both of said counsel that under his decision rendered in the within matter, defendants were entitled to sell, solicit customers and otherwise deal with any person or firm anywhere, provided such customers or firms did not reside in the State of California, and provided further that such persons or firms had not theretofore purchased plaintiff's products by and through the defendants. Affiant thereupon stated to said counsel that he would sign any affidavit requested by counsel for defendants which would correctly and affirmatively set forth the decision of the court as intended by affiant. The court further stated at said time that, at the conclusion of the trial, and after a full consideration of the contract set forth in plaintiff's complaint and the evidence as introduced, it was his decision that the defendants could sell anywhere and to any person or firm, other than as specifically set forth in the judgment, against which customers the defendants were specifically enjoined from selling or dealing with.''

At the conclusion of the trial in respondent court and following the announcement from the bench by the trial judge of his decision, but before the entry of any formal judgment, the parties to the litigation stipulated to the waiver of findings of fact and conclusions of law, and further agreed to forego filing any motion for new trial, and waived all rights of appeal.

The record before us, therefore, presents a situation wherein the trial judge, on September 12, 1938, caused to be signed and entered a judgment in favor of petitioner herein and against the defendants in the superior court action whereby the defendants were restrained from engaging in unfair competition with the plaintiff in connection with the latter's business, and which judgment specifically enjoined defendants from soliciting customers of plaintiff within the State of California; and then some three months after the entry of such judgment, the court undertook by a purported *nunc pro tunc* order to change and alter such judgment by inserting therein that the contract between the parties to the litigation 'was without just cause breached by Albert Albek and the Albert Albek Incorporated, and the said contract and all rights and obligations thereunder are hereby terminated'', and that ''it is further ordered, adjudged and decreed that the defendants Albert Albek and Albert Al-

bek Incorporated shall have and do hereby have the right to manufacture or compound any line of products, and to advertise, sell or distribute the same, to any person, firm or concern or in any manner deal with the same,. anywhere in the world, except as hereinabove specifically enjoined therefrom''. (The exception being only as to customers doing business in the State of California.)

It is at once apparent that the effect of the *nunc pro tunc* order amending the judgment was to determine that petitioner herein, as plaintiff in the superior court litigation, was without legal or equitable means to secure redress for any lawful breach of his contract occurring in any jurisdiction outside the State of California; and in effect it was a determination that because the contract was breached by de-. fendants it was thereby terminated and of no force or effect in any state other than California. The so-called *nunc pro tunc* order created the anomalous situation of a judgment restraining defendants from unfair competition within this state, but permitting such practices, violative as they might be of the contract, outside the State of California. Surely the law never contemplated that the unlawful repudiation of a contract by one party deprives the innocent party of all of his rights under such contract. As was said in *Central Oil Co.* v. *Southern Refining Co.*, 154 Cal. 165, 166 [97 Pac. 177]:

''Upon appeal appellant's first and principal contention is that by force of the terms of the contract itself, when defendant violated it, the agreement became 'void and of no effect'; that this provision means that the violation terminated the contract and that consequently plaintiff had no right of recovery under it. Clearly appellant misconstrues the force of the language upon which it relies. That language means that by a violation of the terms of the contract the rights of the party violating it cease, and as to that party and to that extent, the agreement becomes void and of no effect. It would be an extraordinarily unreasonable construction to give the language the meaning for which appellant contends. It would work the destruction of the contract itself and leave this solemn writing as an expression of the mere whim of the parties, for 'a promise which is made conditional upon the will of the promisor is generally of no value, for one who promises to do a thing only if it pleases him to do it, is not bound to perform it at all'. (9 Cyc. of L. & P.,

p. 618.) Performance by the party not in fault is always excused by the wrongful refusal to perform by the other party. The rights of the party in fault come to an end, but the contract is nevertheless kept in force so as to protect the rights of the innocent party and to enforce the obligations of the delinquent party. (Civ. Code, secs. 1511, 1512, 1514.) Such has uniformly been the construction put upon language such as this when found in contracts. (*Wilcoxson* v. *Stitt*, 65 Cal. 596 [52 Am. Rep. 310, 4 Pac. 629]; *Mancius* v. *Sergeant*, 5 Cow. (N. Y.) 271, note; *Dana* v. *St. Paul Investment Co.*, 42 Minn. 194, 196 [44 N. W. 55]; *Westervelt* v. *Huiskamp*, 101 Iowa, 196, 202 [70 N. W. 125].; *Raymond* v. *Caton*, 24 Ill. 123.) ''

Assuming that the *nunc pro tunc* order was proper, in that it was corrective of a clerical error and not an addition to or change in the judgment, it was nevertheless void and in excess of the court's jurisdiction in so far as it attempted to foreclose petitioner herein from exercising his rights under the breached contract in the courts of states outside California.

But the *nunc pro tunc* order of January 4, 1939, is equally without legal force because it does not by its terms amend the already entered judgment to make the latter conform to the decision which the court actually rendered, but attempts to amend by new modifications and enlargements the judgment which the court originally rendered. This the court is not empowered to do. It may not make the judgment express anything not embraced in the court's decision, even though the proposed amendment contains matters which ought to have been so pronounced. (Freeman on Judgments, sec. 70, n. 2; *First Nat. Bank of Fresno* v. *Dusy*, 110 Cal. 69, 75 [42 Pac. 476]; *O'Brien* v. *O'Brien*, 124 Cal. 422, 428 [57 Pac. 225].) Indisputably, the amendment here made does change the judgment in important particulars, and amendments to judgments can only be made for the purpose of making the record conform to the truth, and not for the purpose of revising and changing the judgment. (Black on Judgments, sec. 156.) Here the trial court, after determining in the original judgment that the contract had been breached on the part of defendants, undertook by amendment to enlarge the judgment by providing that because of the breach all of plaintiff's rights under the contract had terminated so far as their enforcement outside of California

was concerned. Also, in the original judgment the court determined that defendants should be restrained from soliciting plaintiff's customers within the State of California, and by the amendment sought to confer upon defendants the right to engage in the same unfair solicitation and competition outside of California. The fact that the proposed additions to the judgment were an afterthought on the part of the trial judge, as would appear from his affidavit constituting as it does part of the return herein, and from which it appears that his *nunc pro tunc* amendatory order of January 4, 1939, followed the receipt by him of information that petitioner herein had commenced an action in the courts of the State of Illinois based on the identical contract which was the subject of petitioner's cause of · action in respondent court, does not authorize the granting of relief different from that granted when the judgment sought to be amended was rendered. ▉ The fact that the trial court might even declare in the amendatory order that the error sought to be corrected was a clerical misprision does not help matters when, as here, the situation upon its face shows that the error was nothing of the sort; nor is the situation aided by the fact that the trial judge informed petitioner's counsel of his intention to make such an order and thereafter read the contents thereof to plaintiff's counsel without objection thereto from the latter, because this is a question of jurisdiction. Neither does the fact that the court may have committed a judicial error through inadvertence and oversight give it the right to summarily correct such error. (*Forrester* v. *Lawler,* 14 Cal. App. 171 [111 Pac. 284].) The *nunc pro tunc* order of January 4, 1939, is therefore void, for the additional reason that the plain effect thereof was to change and enlarge upon the original judgment in such a manner as to vary the rights of the parties as they were fixed by the original decision. (*Van Tiger* v. *Superior Court,* 7 Cal. (2d) 377 [60 Pac. (2d) 851].)

For the foregoing reasons, it is ordered that the *nunc pro tunc* order of respondent court made January 4, 1939, attempting to correct the original judgment, and the amendatory judgment dated January 9, 1939, and entered January 10, 1939, in the action pending in respondent court numbered 427200, are, and each of them is, annulled, and the respondent court is directed to reenter the amendatory judg-

ment dated September 1, 1938, entered and docketed September 12, 1938, effective as of said last-named date.

Doran, Acting P. J., concurred.